THE STATE, EX REL. UNITED MCGILL CORPORATION, APPELLANT, *v.* HAMILTON, DIR., DEPT. OF ADMIN. SERVICES ET AL., APPELLEES.

(No. 82AP-977—Decided August 30, 1983.)

Mr. John McGill, for appellant.

Mr. Anthony J. Celebrezze, Jr., attorney general, Ms. Karen L. Nowak and Mr. David H. Beaver, for appellee Director, Dept. of Administrative Services.

NORRIS, J. Plaintiff, United McGill Corporation, manufactured a pollution control device called an electrostatic precipitator ("ESP"). Defendant, Department of Administrative Services ("DAS"), had the responsibility for preparing contract specifications for the purchase and installation of ESPs at four different state facilities, and for evaluating bids received and supervising the award of contracts. Plaintiff submitted bids for ESPs for each of the four projects, but was not awarded the contracts. Plaintiff brought this action to prevent the award of contracts to the successful bidders after DAS determined that they had submitted the lowest qualified bid on each of the four projects, and sought relief in the form of an injunction, declaratory judgment, and a writ of mandamus.

Plaintiff-appellant raises twelve assignments of error: * * *[1]

"2. The trial court erred in concluding the plaintiff-relator lacked standing to bring this action."

The second assignment of error is not well-taken. In its separate conclusions of law, the trial court apparently concluded that plaintiff did have standing to bring its suit as an "unsuccessful bidder." This holding was correct in view of our decisions in *C. E. Angles, Inc.* v. *Evans* (Dec. 14, 1982), Franklin App. No. 82AP-635, unreported; *State, ex rel. Connors,* v. *Ohio*

---

[1] Reporter's Note: The text of the opinion as it appears herein was abridged by Judge Norris.

*Dept. of Transp.* (1982), 8 Ohio App. 3d 44; and *Mechanical Contractors Assn.* v. *State* (Nov. 1, 1979), Franklin App. No. 79AP-405, unreported. Although it appears that the trial court incorrectly determined that plaintiff did not have standing to bring a common-law taxpayer's suit, that error did not prejudice plaintiff's cause as the trial court did correctly find standing as a disappointed bidder. The trial court's error was grounded upon an erroneous application of the Supreme Court's opinion in *State, ex rel. Masterson,* v. *Ohio State Racing Comm.* (1954), 162 Ohio St. 366 [55 O.O. 215]. Because there is no special fund involved here as in *Masterson,* but, instead, only the state's general revenue fund to which plaintiff contributed as a taxpayer, plaintiff met the special interest requirements of *Masterson.* We recognize that such a view is in conflict with our holding in *Andrews* v. *Ohio Building Authority* (1975), 74 O.O. 2d 184, a holding which we now believe to be erroneous. We adopt the reasoning stated in the dissenting opinion therein, and would overrule our holding in that case, were we required to do so by the circumstances of this case.

*Judgment accordingly.*

WHITESIDE, P.J., and MCCORMAC, J., concur.